UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| Plaintiff, | ) ) ) | Civil No. 5:20-cr-00140-GFVT-MAS |
| v. | ) ) ) | |
| ROBERT LEE ESTILL, | ) ) ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew A. Stinnett. [R. 17.] Defendant Robert Lee Estill has been charged with violating the terms of his supervised release. [R. 14.] On June 8, 2020, Mr. Estill pleaded guilty to one count of conspiracy to transport an undocumented alien within the United States in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(I). [R. 1-2.] Mr. Estill was sentenced to eight months' imprisonment followed by a three-year term of supervised release. *Id.* Mr. Estill was released from prison and began his term of supervised release on September 17, 2020. On November 20, Judge Diana Saldaña of the Southern District of Texas transferred jurisdiction of the supervised release of Mr. Estill, and this Court accepted jurisdiction on November 23. [R. 1 at 1.] That same day, the United States Probation Office issued a report recommending revocation of Mr. Estill's term of supervised release based on alleged violations of the terms of his supervised release. [R. 3.] This Court approved the petition and ordered an arrest warrant be issued. *Id.*

The November 23 violation report stemmed from two positive drug tests, one from November 6 and another from November 12, each of which was confirmed by Alere

Laboratories. [R. 17 at 2.] Mr. Estill at first denied using any substances but later admitted to intentional cocaine use on both occasions. *Id.* In December, Mr. Estill again admitted to using cocaine. *Id.*

On December 11, Judge Stinnett conducted an initial appearance on the supervised release violations pursuant to Federal Rule of Criminal Procedure 32.1. [R. 7.] Judge Stinnett informed Mr. Estill of his constitutional rights, and Mr. Estill knowingly, voluntarily, and intelligently waived his right to a preliminary hearing. *Id.* Judge Stinnett held a detention hearing on December 14, and found that Mr. Estill failed to carry his release burden pursuant to Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). [R. 9.] Judge Stinnett ordered Mr. Estill to be detained until the Court reached a determination of his revocation status. *Id.*

On January 13, 2021, Judge Stinnett held a final hearing in Mr. Estill's case. [R. 16.] At the hearing, Mr. Estill admitted the factual bases for the violations in the violation report and stipulated to Grade B violations for committing state and federal crimes and a Grade C violation for unlawful use of a controlled substance. *Id.* Taking the most serious Grade B violation pursuant to U.S.S.G. § 7B1.2(b), and given Mr. Estill's criminal history category of III, the Guidelines propose an eight to fourteen month sentence with a statutory maximum of 24 months. *See* 18 U.S.C. § 3583(e)(3). During the final hearing, the parties jointly agreed to a proposed sentence of time-served, followed by participation in a 90-day residential treatment program at the Schwartz Center in Lexington, Kentucky, once a bed becomes available at the facility. [R. 17 at 4.] Mr. Estill also expressed a desire at the hearing to schedule and attend medical appointments as soon as possible after his inpatient period at Schwartz. *Id.*

After the hearing, Judge Stinnett carefully reviewed the entire record and considered the factors set forth in 18 U.S.C. § 3553, as incorporated in § 3583(e). In making a sentence

determination, Judge Stinnett considered the nature and circumstances of Mr. Estill's original conviction and the guideline range. [R. 17 at 4.] Although Mr. Estill had six criminal convictions prior to the instant case, Mr. Estill only had a total criminal history score of III because two felony convictions (from 1981 and 1992) did not accrue points because of their age, and the only convictions that generated criminal history points were shoplifting misdemeanors. *Id.* at 4–5. Judge Stinnett determined that revocation was necessary in this case to protect the public from further crimes of the defendant, to reflect the seriousness of the offense, to promote respect for the law, and to justly punish Mr. Estill. *Id.* (citing 18 U.S.C. § 3553(a)(2)(A), (C)). Judge Stinnett also found that revocation was proper given Mr. Estill's abuse of the Court's trust. *Id.* (citing U.S.S.G. Ch. 7 Pt. A. intro. Comment 3(b)).

In determining the appropriate revocation sentence for Mr. Estill, Judge Stinnett also considered what appropriate treatment options were available. *Id.* (citing 18 U.S.C. § 3553(a)(2)(D)). Mr. Estill admitted to substance abuse issues since his wife died, and the record indicates that Mr. Estill needs substantial substance use disorder treatment. *Id.*

Judge Stinnett concluded that Mr. Estill has a relatively limited criminal history, particularly in the past ten years. *Id.* at 6. Mr. Estill's offenses over the past ten years, with the exception of the instant federal offense, were all misdemeanors, largely involving shoplifting clothing and food from Wal-Mart and Kroger. *Id.* Further, although this violation occurred fairly quickly after Mr. Estill's term of supervised release began, this is his first supervised release violation. *Id.* Judge Stinnett credited the genuineness of Mr. Estill's allocution at his final hearing and believes that Mr. Estill willingly recognizes his need for substance use disorder assistance. *Id.*

Ultimately, Judge Stinnett made the following recommendations: 1) find Mr. Estill guilty

of all violations; 2) revoke Mr. Estill's supervised release; 3) sentence Mr. Estill to an incarceration period of time-served, extending until and through the date of bed availability at the Schwartz Center; and 4) require Mr. Estill to serve a 32-month term of supervised release with the following specific conditions in addition to the conditions already imposed by the underlying Judgment: a) Mr. Estill shall participate in and complete an initial 30-day inpatient treatment program at the Schwartz center; and b) Following completion of the initial inpatient program, Mr. Estill shall complete the discussed 60-day outpatient residential treatment program through the Schwartz Center, which shall occur in a halfway house-type environment. *Id.* at 8.

Judge Stinnett stated this sentence was sufficient and merited a downward variance from the eight-month guideline minimum given Mr. Estill's background (which includes substance use disorder issues and the death of his wife of thirty years), the underlying offense, his criminal history, and the circumstances of the instant violations. *Id.* at 6–7 (citing 18 U.S.C. § 3553(a)(6)). Judge Stinnett also noted that the time Mr. Estill has already served plus his time at the Schwartz Center will likely comprise a term of four to five months split between incarceration, inpatient treatment, and outpatient treatment. *Id.*

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 8–9; *see* 28 U.S.C. § 636(b)(1). The Report and Recommendation was entered on January 27, 2020. [R. 17 at 9.] Mr. Estill has not filed any objections to Judge Stinnett's Report and Recommendation and he has provided a Waiver of Allocution. [R. 18.] On February 1, 2021, Mr. Estill, by and through counsel, filed a Motion to Expedite this Court's ruling on Judge Stinnett's recommended disposition so that Mr. Estill could take advantage of upcoming bed availability at the Schwartz Center. [R. 19.] The court provided the Government with two days

4

to file any objections to Judge Stinnett's recommended disposition, and the Government responded on February 3, 2021, that it had no objections. [R. 20; R. 21.] Given Mr. Estill's alacrity and desire to receive help, combined with the Government's lack of objections, the Court will grant Mr. Estill's motion and rule on Judge Stinnett's recommended disposition.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Stinnett's recommended disposition.

Accordingly, it is hereby **ORDERED** as follows:

1. The Report and recommendation **[R. 17]** as to Defendant Robert Lee Estill is **ADOPTED** as and for the opinion of the Court;
2. Mr. Estill's Motion to Expedite **[R. 19]** is **GRANTED**;
3. Mr. Estill is found **GUILTY** of all violations;
4. Mr. Estill's supervised release is **REVOKED**;
5. Mr. Estill is **SENTENCED** to a period of time-served, extending until and through the date of bed availability at the Schwartz Center; and
6. Mr. Estill shall serve a 32-month term of supervised release, inclusive of the following specific conditions in addition to the conditions already imposed by the underlying judgment:

    a. Mr. Estill shall participate in and complete an initial 30-day inpatient treatment program at the Schwartz Center; and

    b. Following completion of the initial inpatient program, Mr. Estill shall complete the discussed 60-day outpatient residential treatment program through the Schwartz Center, occurring in a halfway house-type environment.

This the 5th day of February, 2021.

Gregory F. Van Tatenhove
United States District Judge