UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 5:20-CR-140-GFVT-MAS-1 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT LEE ESTILL, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew A. Stinnett.  [R. 31.]  Defendant Robert Lee Estill has been charged with violating his terms of supervised release.  On September 16, 2020, United States District Judge for the Southern District of Texas Diana Saldana sentenced Estill to eight months' imprisonment followed by a three-year term of supervised release for conspiring to transport an undocumented alien within the United States.  [*See* R. 1; R. 2]

Estill began serving his term of supervised release on September 17, 2020.  The Southern District of Texas approved a transfer of jurisdiction to this District on November 20, 2020, and this District accepted on November 23, 2020.  [R. 31 at 2.]  Before the transfer, Estill had tested positive for cocaine on November 6, 2020 and on November 12, 2020.  [*Id*.]  A third positive test occurred upon Estill's arrest on December 9, 2020, after which Estill admitted to using cocaine prior to each positive test in violation of his terms of supervision.  [*Id*.]  On February 5, 2021, this Court revoked Estill's supervised release and sentenced him to time-served with thirty-two months of supervised release to follow.  [*Id*. at 3.]  Upon recommendation, an additional condition of supervised release was added, ordering Estill to complete a sixty-day outpatient

residential treatment program following completion of a thirty-day inpatient program.  [*Id*.]

On February 9, 2021, Estill was admitted to the Schwartz Center to begin his sixty-day outpatient treatment program.  [*Id*.]  Shortly after, Estill was discharged from the facility due to non-compliance and was residing "at an unknown location in Lexington."  [*Id*.]  On April 21, 2021, USPO Officer Markwell contacted Estill's daughter at his previous address and left written instructions to report to the USPO.  [*Id*.]

The next day, after Estill failed to report, the USPO issued a Supervised Violation Report that charged Estill with three violations: (1) a Grade C violation for failing to report to his probation officer as instructed; (2) a Grade C violation for failing to live at a place approved by his probation officer and failing to notify his probation officer of any changes to his living arrangements; and (3) a Grade C violation for failing to complete the sixty-day outpatient residential treatment program.  [*Id*. at 4.]  Based on the conduct outlined in this report, Estill was arrested in Lexington on April 29, 2021.  [*Id*. at 3.]

Judge Stinnett conducted an initial appearance on May 4, 2021, pursuant to Federal Rule of Criminal Procedure 32.1.  [*Id*. at 4.]  Estill was advised of his constitutional rights, including his right to a preliminary hearing pursuant to Fed R. Crim. P. 32.1(b)(1)(A).  Estill "knowingly, voluntarily, and intelligently" waived his right to a preliminary hearing.  [*Id*.]  Following Estill's waiver, the United States moved for interim detention, and Estill did not seek release.  [*Id*.]  This allowed Judge Stinnett to find that Estill "failed to carry his release burden under 32.1(a)(6) and 18 U.S.C. § 3143(a)."  [*Id*.]  Accordingly, Estill was ordered to be detained until his revocation status is determined.  [*Id*.]

At the final hearing on May 19, 2021, Judge Stinnett found "Estill to be competent to enter a knowing, voluntary, and intelligent stipulation to the charged violations."  [*Id*.]  Estill

admitted the factual bases for the violations described above, which allowed Judge Stinnett to find that the United States had established the violations pursuant to 18 U.S.C. § 3583(e).  [*Id.*]

Judge Stinnett evaluated the entire record and considered the section 3553 factors in making his recommended disposition. Estill's original conviction was for "conspiracy to transport an undocumented alien within the United States.  [*Id.* at 5.]  The Presentence Report revealed six criminal convictions prior to the instant case and placed Estill in criminal history Category III.  [*Id.*]

This Court had previously shown Estill leniency due to his professed "recognition of his need for substance use disorder assistance and his interest in pursuing it."  [*Id.* at 6.]  The conduct underlying these current Grade C violations is inconsistent with Estill's "professed commitments to recovery."  [*Id.*]  Estill's failure to communicate and his complete detachment from all supervised release instructions for approximately two weeks necessitates revocation to fairly punish the serious abuse of the Court's trust in him.  *See* U.S.S.G. Ch. 7, pt. A. intro. Comment 3(b).

The parties do not dispute that the United States Sentencing Guidelines propose a sentence of five to eight months, with a statutory maximum of thirty-six months.  [*Id.* at 5.] Should Estill's supervised release be revoked, the Court could reimpose an additional term of supervised release of up to thirty-six months, less any term of imprisonment that is imposed upon revocation.  *See* 18 U.S.C. § 3583(h).  Judge Stinnett ultimately found "a within-guidelines sentence as appropriate, but not greater than necessary, to serve all statutory purposes and reflect the revocation sentencing factors."  [*Id.* at 7.]  Some aspects of Estill's character and background warrant a sentence at the lower end of the guidelines range.  [*Id.*]  These include: (1) the Court's acceptance of Estill's explanation of his discharge from the sixty-day outpatient treatment

3

facility; (2) Estill's efforts to obtain employment; and (3) Estill's limited criminal history.  [*Id.* at 8.]  Balancing all considerations, Judge Stinnett recommended a Guidelines-minimum sentence of five  months' incarceration, to be followed by twenty-four months of supervised release.  [*Id.*]  This court agrees with this recommendation, and echoes Judge Stinnett's belief that it appropriately punishes Estill's breach of trust, deters similar conduct in the future, and reasonably protects the community from future criminality.  [*Id.*]

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advised the parties that objections must be filed within fourteen (14) days of service.  [*Id.* at 11]; *see* 28 U.S.C. § 636(b)(1).  Estill has not filed any objections to Judge Stinnett's Report and Recommendation and he has provided a Waiver of Allocution.  [R. 32.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(c).  But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard."  *See Thomas v. Arn,* 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation.  *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Nevertheless, the Court has examined the record and agrees with Judge Stinnett's recommended disposition.

Accordingly, it is hereby **ORDERED** as follows:

1.  The Report and Recommendation made as to Defendant Robert Lee Estill **[R. 31]** is **ADOPTED** as and for the opinion of the Court;

2.  Mr. Estill is found **GUILTY** of all violations;

3.  Mr. Estill's supervised release is **REVOKED**;

4. Mr. Estill is hereby **SENTENCED** to an incarceration period of **five (5) months**, with a **twenty-four (24) month** term of supervised release to follow; and

5. Mr. Estill's term of supervised release shall be inclusive of the specific condition below in addition to the conditions already imposed by the underlying judgment:

   a. Mr. Estill shall participate in outpatient substance abuse treatment upon his release from incarceration on the instant revocation sentence, with the details and mechanics of such treatment to be determined and arranged by the United States Probation Office.

This the 15th day of June, 2021.

Gregory F. Van Tatenhove
United States District Judge