UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal No. 5:20-cr-00140-GFVT-MAS-1 |
| v. | ) ) ) | |
| ROBERT LEE ESTILL, | ) ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew A. Stinnett. [R. 42.] For the reasons that follow, Judge Stinnett's Report and Recommendation will be ADOPTED in its entirety.

**I**

Defendant Robert Lee Estill has been charged with violating the terms of his supervised release. [R. 35.] On June 8, 2020, Mr. Estill pleaded guilty to one count of conspiracy to transport an undocumented alien within the United States in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(I). [R. 1-2.] Mr. Estill was sentenced to eight months' imprisonment followed by a three-year term of supervised release. *Id.* Mr. Estill was released from prison and began his term of supervised release on September 17, 2020. On November 20, Judge Diana Saldaña of the Southern District of Texas transferred jurisdiction of the supervised release of Mr. Estill, and this Court accepted jurisdiction on November 23. [R. 1 at 1.]

This is Mr. Estill's third revocation of supervised release. In November 2020, Mr. Estill admitted to using cocaine after he tested positive for cocaine use three times. Following the cocaine use, Mr. Estill's supervised release was revoked, and he was sentenced to time served

with thirty-two months of supervised release to follow. [R. 22.] Mr. Estill was also required to participate in a thirty-day inpatient substance use disorder treatment program followed by sixty days of outpatient treatment at the Schwartz Center in Lexington, Kentucky. [R. 23.] In April 2021, Mr. Estill violated the terms of his supervision requiring him to live at a USPO-approved residence and complete the sixty-day outpatient drug program at the Schwartz Center. Mr. Estill's term of supervision was revoked, and he received a five-month term of imprisonment. [R. 33.]

The USPO issued the Supervised Release Violation Report on October 1, 2021, that initiated these proceedings. [R. 42 at 5.] The Report contains two violation allegations: Violation #1 alleges that Mr. Estill violated the condition that he submit to periodic drug testing[1] (a Grade C violation); and Violation #2 alleges that he violated the condition that he follow the instructions of his probation officer related to his conditions of supervision (a Grade C violation). *Id.* On October 12, the USPO issued an addendum alleging an additional violation. Mr. Estill returned to the USPO without being directed to do so and submitted a urine sample. However, the sample was reported to be dilute, which triggered Violation #3 for allegedly tampering with drug testing. *Id.*

On October 14, 2021, Judge Stinnett conducted an initial appearance with Mr. Estill pursuant to Rule 32.1. [R. 38.] At the hearing, Mr. Estill knowingly, voluntarily, and intelligently waived his right to a preliminary hearing as to Violation 2 (for failing to follow the instructions of his probation officer). *Id.* After a preliminary hearing as to Violations 1 and 3, Judge Stinnett found that there was probable cause to conclude that those two violations had also

---

[1] Mr. Estill reported to the USPO for drug testing, but over the course of four hours was unable to produce a urine or saliva sample that could be accurately tested. [R. 42 at 4.] Mr. Estill then left the office against the direction of his probation officer. *Id.* at 5.

2

occurred. *Id.* The United States did not make a motion for interim detention, and Judge Stinnett released Mr. Estill on his previously imposed conditions. *Id.*

On October 20, 2021, Judge Stinnett conducted the final hearing. [R. 41.] At the hearing, Mr. Estill entered a knowing, voluntary, and intelligent stipulation to Violation 2 but contested Violation 1 in the original report and Violation 3 in the addendum. *Id.* Judge Stinnett heard testimony from Officer Collins and the arguments of counsel and ultimately found that the Government established by a preponderance of evidence that the two violations had occurred. *Id.*

## II

After the hearing, Judge Stinnett carefully reviewed the entire record, including the Report and all accompanying documents, and the underlying Judgment and sentencing materials. Judge Stinnett also considered the factors set forth in 18 U.S.C. § 3553, as incorporated in § 3583(e). Section 3583(e)(3) provides that the maximum penalty for a supervised release violation hinges on the severity of the underlying offense of conviction, which in this case was conspiracy to transport an undocumented alien within the United States. [R. 1-2.]

Judge Stinnett analyzed the Policy Statements in Chapter 7 and determined, given Mr. Estill's criminal history category of III (at the time of his original conviction) and admitted Grade C violation,[2] that Mr. Estill's range of revocation is five to eleven months. *Id.* at 10. A court is permitted to reimpose supervised release, following revocation, for a maximum period that subtracts any term of incarceration imposed because of a violation. *See* 18 U.S.C. § 3583(k). Judge Stinnett found that the Court could impose an additional term of supervised

---

[2] "Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b).

3

release of up to twenty-nine months given Mr. Estill's prior term of incarceration imposed upon revocation. [R. 42 at 10–11 (citing 18 U.S.C. § 3583(h)).]

In determining the appropriate revocation term of imprisonment, Judge Stinnett considered all the statutory factors imported into the § 3583(e) analysis as well as the Guidelines Range. *Id.* at 11. Regarding the nature and circumstances of the underlying offense and need to deter criminal conduct, Judge Stinnett found that Mr. Estill's original conviction for conspiracy to transport an illegal alien within the United States appeared to be an isolated instance rather than a pattern of illegal activity. *Id.* at 12. Furthermore, though unlawful and disrespectful of the law, it was not a particularly dangerous offense. *Id.* at 11. Judge Stinnett found this factor tipped in Mr. Estill's favor and against revocation.

As to the history and characteristics of Mr. Estill, Judge Stinnett found that although Mr. Estill had a criminal history score of III, the points were all generated from shoplifting misdemeanors.[3] *Id.* at 12. Although Judge Stinnett expressed concern with Mr. Estill's past cocaine use and two prior supervised release violations, he did note that Mr. Estill's "violations have been of steadily diminishing, rather than escalating [in] severity." *Id.* After a thorough analysis, Judge Stinnett found that this factor weighed against revocation of Mr. Estill's supervision. *Id.* at 14.

Judge Stinnett also found that the remaining factors "have little bearing on the result in this matter" because there is no restitution obligation in this case, no "obviously governing sentencing policy statements," little need to protect the public from Mr. Estill, no risk of unwarranted sentencing disparities given "the highly fact-intensive and circumstance-specific nature of the alleged violations," and no "legitimate need to deter [Mr.] Estill from future

---

[3] Two felonies, one from 1981 and the other from 1992, did not accrue points because of their age and Judge Stinnett did not view them as relevant in his analysis. [R. 42 at 12.]

4

technical violations." *Id.* at 15.  Judge Stinnett found the only factor that weighed in favor of revocation was the Guidelines range of five to eleven months' imprisonment.  *Id.*  However, Judge Stinnett found that the Guidelines "obscure critical subtleties that ultimately counsel a non-revocation result in this situation."  *Id.*  Specially, Judge Stinnett found that the circumstances in Mr. Estill's case, including the less-serious nature of Mr. Estill's violations and the fact that Mr. Estill's criminal history "slightly overstates his prior criminality, given the point-accruing misdemeanors" weighed against revocation.  *Id.* at 15.  The Court also found that this was not a situation in which revocation was mandatory.  *Id.*

Finally, Judge Stinnett found that a specific and targeted approach to Mr. Estill's situation would be more appropriate and effective than revocation.  *Id.* at 16.  Ultimately, Judge Stinnett makes the following recommendations: (1) Mr. Estill be found guilty of all current reported violations; (2) Mr. Estill be permitted to continue serving his current term of supervised release; and (3) Mr. Estill's conditions of supervised release be modified to add that he complete 100 hours of community service and that he write a letter of apology to United States Probation Officer Glenn Collins.  *Id.* at 18.

Judge Stinnett's Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service.  *Id.*; *see* 28 U.S.C. § 636(b)(1).  The Report and Recommendation also provides the parties with the consequences of failing to object within the provided timeframe.  *Id.*; *see Thomas v. Arn*, 474 U.S. 140 (1985).  Mr. Estill has not filed any objections to Judge Stinnett's Report and Recommendation and has provided a Waiver of Allocution.  [R. 43.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(c).  But when no

objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Stinnett's recommended disposition.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation made as to Defendant Robert Lee Estill **[R. 42]** is **ADOPTED** as and for the opinion of the Court;

2. Mr. Estill is found **GUILTY** of the violations contained in the Report and Addendum;

3. Mr. Estill is permitted to continue serving his current term of supervised release; and

4. Mr. Estill's conditions of supervised release are **MODIFIED** to add the following additional Special Conditions:

    a. Within five months of the entry of this order, Mr. Estill shall complete 100 hours of community service. The nature and details of such service shall be determined by the supervising United States Probation Officer in his or her discretion.

    b. Within two weeks of the entry of this order, Mr. Estill shall submit a brief written letter of apology to supervising United States Probation Officer Glenn

Collins. The letter shall further include Mr. Estill's goals for the current supervision term and intended steps toward achieving them.

This the 3d day of January, 2022.

Gregory F. Van Tatenhove
United States District Judge